UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JEREMY GRIGGS,

        Defendant.

                                  /

Case No. 2:20-cr-20403-1

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
GRANTING MOTIONS TO SUPPRESS EVIDENCE
FROM PHONE WARRANT [28] AND FROM VEHICLE SEARCH [29]**

Defendant Jeremy Griggs was indicted on one count of attempted possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), 846. ECF 12, PgID 23. Defendant moved to suppress evidence and argued that a search warrant that allowed police officers to track his cellphone's location in real-time was not supported by probable cause. ECF 28. Defendant therefore requested that the Court suppress all evidence collected through the search warrant. *Id.* at 195. Defendant also moved the Court to suppress evidence recovered during a search of his vehicle. ECF 29. The Court reviewed the briefs and held a hearing on the motions. ECF 37. For the following reasons, the Court will grant the motions to suppress evidence from the phone warrant, ECF 28, and the vehicle search, ECF 29.

BACKGROUND

In July 2019, a judge with the Court of Common Pleas for Erie County, Ohio signed a search warrant that permitted officers to use a "'Ping' cell site location

1

information device, and/or" other similar device to record the numbers Defendant dialed on his cellphone and to "track" his location. *See* ECF 28-1, PgID 205–10. The judge granted the warrant based on an affidavit submitted by a Drug Enforcement Administration Task Force Officer ("Affiant"). *Id.* The Affiant swore that the information recovered from the Ping cell site device would be relevant to show "location, movement, and time data" and gather evidence that Defendant was violating several Ohio laws. *Id.* at 212–13. The Affiant also swore that he was a certified police officer who had attended courses relating to narcotics investigations, and that he was involved in multiple investigations and search warrant executions. *Id.* at 216–17. Finally, the Affiant swore that he was "familiar with drug traffickers' use of communications devices" and practices. *Id.* at 217.

The Affiant told the judge that law enforcement officers "developed reliable information" to suggest Defendant had traveled across state lines to transport fentanyl. *Id.* at 218. He also stated that, based on his and other law enforcement officers' training and education, he believed "that large-scale narcotics trafficking operations, such as," the one Defendant was allegedly involved in at the time, "require frequent use of telecommunications in order to facilitate their illicit activities." ECF 28-1, PgID 218. And the Affiant stated that he had received "information which he ha[d] deemed credible from a source of information ("SOI")." *Id.* According to the Affiant, the anonymous SOI provided reliable information in the past and "assisted in other investigations that led to the seizure of" drugs and currency. *Id.* at 218–19. The Affiant recited that the SOI disclosed that Defendant "has recently been, and is

2

presently, engaged in the transportation and sales of controlled substances(s), and [Defendant] is believed to be using the subject telecommunications device . . . to facilitate these unlawful drug transactions." *Id.* The Affiant also confirmed that the telephone number associated with the subject telecommunications device was registered to Defendant. *Id.* at 213. Finally, the affidavit detailed more specific information from the SOI about Defendant's alleged drug distribution operation. *Id.* at 219–20.

Specifically, the SOI told Affiant that Defendant had bought fentanyl in Michigan and transported it to Ohio, that Defendant used "a residence in Norwalk, Ohio to store some of the narcotics," and that Defendant "ha[d] several individuals in the Sandusky, Ohio area distributing the narcotics for him." *Id.* at 219. The Affiant claimed to confirm the information in two ways. First, the Affiant knew that the individuals who were allegedly distributing the narcotics for Defendant were "involved in the sale of narcotics." *Id.* at 219–20. And second, the Affiant contacted a detective from the Norwalk, Ohio Police Department who told the Affiant that he knew the residence that Defendant was allegedly using to store drugs, and "that he had recently purchased narcotics, including [f]entanyl, from a male subject" who frequented the residence. *Id.* Thus, based on the information provided, and Affiant's education, training, and experience, he swore that a "Ping" device would "provide relevant information to the investigation." *Id.* at 220.

Law enforcement executed the search warrant on July 23, 2019 when T-Mobile, Defendant's cell-service provider, "started providing the prospective cell site

3

location information to the DEA." ECF 32, PgID 241; *see also* ECF 28, PgID 193. Four days later, "using the prospective cell site location information, DEA agents and officers tracked [Defendant] to a location in Michigan where they observed him conduct a drug transaction." ECF 32, PgID 242; *see also* ECF 12, PgID 23 (indictment). From there, law enforcement followed Defendant "to a rest stop in Ohio where he was arrested by the Ohio State Highway Patrol and found to have suspected fentanyl in his car, which was later determined to be [t]ramadol." ECF 32, PgID 242. A grand jury later indicted Defendant for the violation before the Court. ECF 12.

## LEGAL STANDARD

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure . . . against unreasonable searches and seizures[.]" U.S. Const. Amend. IV. To secure the right, the Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation[.]" *Id.* "Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (internal quotations omitted). And an affidavit—serving as an oath or affirmation—"must contain adequate supporting facts about the underlying circumstances to show that probable cause exists." *United States v. Weaver*, 99 F.3d 1372, 1377 (6th Cir. 1996).

When a magistrate judge makes a probable cause determination, the magistrate need only "make a practical, common-sense decision" given the totality of the facts. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The magistrate must find only a

"fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* And when reviewing a search warrant, courts must give "great deference" to the magistrate's determination while ensuring that the magistrate "had a substantial basis for concluding that probable cause existed." *Id.* at 236, 238–39 (alterations omitted). A magistrate's probable cause determination "should be reversed only if arbitrarily made." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006).

## DISCUSSION

The Court will first address the motion to suppress evidence recovered from the phone warrant. After, the Court will address the motion to suppress evidence recovered from the vehicle search.

I.  Motion to Suppress Evidence from Phone Warrant

Defendant argued that probable cause did not support the search warrant for real-time cellphone tracking. *See United States v. Powell*, 943 F. Supp. 2d 759, 778 (E.D. Mich. 2013) (Murphy, J.) ("[A] specific showing is required to establish probable cause when the government seeks a warrant for long-term real-time tracking of an individual via a cellphone."). First, Defendant asserted that "[t]he search affidavits failed to demonstrate the required nexus between the drug activity and the phone associated with" Defendant. ECF 28, PgID 197. Second, Defendant claimed that "[t]he *Leon* good-faith exception does not apply." *Id.* at 201. The Court will grant the motion to suppress evidence from the phone warrant because the affidavit did not show the

5

required nexus between the drug activity and the cellphone, and the *Leon* good-faith exception does not apply.

### A. Nexus Between Drug Activity and the Cellphone

To start, Defendant contended that "[t]he information within the affidavit's four corners failed to include facts sufficient to establish a nexus that the location data for [the] phone would show evidence of drug trafficking." ECF 28, PgID 198. Defendant's argument pointed to the facts in paragraph three of the affidavit as factually insufficient for two reasons. First, "[t]he affidavit setting forth probable cause for the warrant [was] primarily based on information from a confidential source." *Id.* at 194. And second, "[t]he source . . . did not directly corroborate that [the] phone was involved in drug trafficking." *Id.*

To support the argument, Defendant analogized his case to *United States v. Brown*, 828 F.3d 375 (6th Cir. 2016). In *Brown*, the Sixth Circuit held that if an affidavit failed to connect the thing to be searched with drug dealing activity, or if the evidence was unreliable, then a magistrate could not possibly infer that a search based on the affidavit would lead to drugs. *Id.* at 384. In that sense, *Brown* is like *Powell* because both decisions required a "nexus" between the "evidence sought and the place to be searched." *Id.* at 382; *see also Powell*, 943 F. Supp. 2d at 779 ("[T]he government should have to demonstrate a nexus between a suspect and the phone, the phone and the criminal activity, as well as the criminal activity and the suspect's location in protected areas[.]").

6

Admittedly, based on the Court's research, the Sixth Circuit has yet to resolve the nexus issue for warrants seeking long-term, real-time tracking of an individual via a cellphone. *United States v. Sheckles*, 996 F.3d 330, 338 (6th Cir. 2021). As the Sixth Circuit explained:

> Must the affidavit show only a fair probability that the phone's data "will aid in a particular" investigation and disclose evidence of criminal activity? *United States v. Christian*, 2017 WL 2274328, at *9 (E.D. Va. May 24, 2017) (quoting *Andresen v. Maryland*, 427 U.S. 463, 483, 96 S. Ct. 2737, 49 L. Ed. 2d 627 (1976)); *see Warden v. Hayden*, 387 U.S. 294, 307, 87 S. Ct. 1642, 18 L. Ed. 2d 782 (1967). Or must it show, say, a fair probability that the phone itself is being used "in connection with criminal activity"? *See United States v. Powell*, 943 F. Supp. 2d 759, 779 (E.D. Mich. 2013), *aff'd on other grounds* 847 F.3d 760 (6th Cir. 2017). This nexus issue has added importance after *Carpenter*. We need not resolve the issue here.

*Id.*

In any event, the Court will follow its previous decision in *Powell* and require a nexus between the cellphone and criminal activity. *See Powell*, 943 F. Supp. 2d at 779. Here, the Government failed to satisfy the nexus requirement outlined in *Powell* and *Brown* when the Ohio state magistrate issued the present warrant. The affidavit stated that the "SOI provided information that [Defendant] has recently been, and is presently engaged in the transportation and sales of controlled substance(s), and [Defendant] *is believed* to be using the subject telecommunications device with the aforementioned telephone number in order to facilitate these unlawful drug transactions." ECF 28-1, PgID 218 (emphasis added). But the Government failed to show a definite nexus between the suspected drug activity and the cellphone to be tracked. The only information in the warrant was the SOI's mere belief—not any

7

evidentiary confirmation—that Defendant used the phone to facilitate drug transactions. The SOI never said, for example, that he called Defendant to set up a drug deal on that phone. Put simply, the warrant affidavit never established the required nexus between the phone to be searched and tracked and the suspected criminal activity. As a result, the warrant lacked probable cause and is invalid.

### B.  *Good-Faith Exception*

Although the warrant is invalid without probable cause, the Supreme Court has held that "Courts should not . . . suppress 'evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant.'" *United States v. Carpenter*, 360 F.3d 591, 595 (6th Cir. 2004) (quoting *United States v. Leon*, 468 U.S. 897, 922 (1984)). But the "good-faith exception" "does not apply in circumstances where 'the officer will have no reasonable grounds for believing that the warrant was properly issued.'" *Id.* (quoting *Leon*, 468 U.S. at 923). Defendant argues that the officer's reliance on the warrant was objectively unreasonable. ECF 28, PgID 201. And the Court agrees.

The good-faith exception does not apply "when the affidavit [used to obtain the search warrant] is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable." *Leon*, 468 U.S. at 914. And, "the standard by which an affidavit should be judged for purposes of the good faith exception is a less demanding showing than the substantial basis threshold required to prove the existence of probable cause in the first place." *United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005) (internal quotations omitted). To establish this standard, there must be

"some modicum of evidence, however slight, to connect the criminal activity described in the affidavit to the place to be searched." *Id.* at 749.

In *Laughton*, an affiant described his background and training in law enforcement, stated that he was working with a confidential informant who made multiple methamphetamine purchases "in the last 48 hours," and noted that he "observed the controlled purchase" of drugs. *Id.* at 746. The affiant also stated that he, through observation, "learned that [defendant kept] controlled substances/drugs in the crotch area of his pants and in his pants pockets[,] [and that] there are various stashes around the home." *Id.* at 747. Finally, the affiant stated that the confidential informant "has provided information that there [are] more controlled substances located at or in the residence or located on the person of [defendant] due to the fact that he has observed these controlled substances." *Id.*

The district court in the case found that the warrant was not supported by probable cause, but that the evidence was admissible because the *Leon* good-faith exception applied. *Id.* On appeal, the Sixth Circuit held that "[t]he warrant . . . failed to make any connection between the residence to be searched and the facts of criminal activity that the officer set out in his affidavit." *Id.* The Sixth Circuit then held that "[t]he affidavit also failed to indicate any connection between the defendant and the address given or between the defendant and any of the criminal activity that occurred there." *Id.* In other words, district courts must be "able to identify in the averring officer's affidavit *some* connection, regardless of how remote it may have been, between the criminal activity at issue and the place to be searched." *Id.* at 750

9

(emphasis in original). Because the *Laughton* affidavit did not state where the confidential informant made the controlled buys, whether the informant bought narcotics from the defendant, or even "indicate where the residence was or where [the informant's] observations were made," the Sixth Circuit held that no reasonable officer could have believed the warrant was reliable. *Id.* at 751.

Like *Laughton*, the information in the affidavit here fails to tie the drug trafficking crime to Defendant's cellphone. The Affiant stated that "[t]he SOI provided information that [Defendant] has recently been, and is presently engaged in the transportation and sales of controlled substance(s), and [Defendant] is believed to be using the subject telecommunications device with the aforementioned telephone number in order to facilitate these unlawful drug transactions." ECF 28-1, PgID 218. Put differently, the search warrant affidavit was based entirely on the SOI's hunch. To be sure, the SOI "believed" Defendant was using the cellphone to traffic drugs. *Id.* Even coupled with the Affiant's knowledge that drug traffickers tend to use cellphones in their business, *id.* at 217, that belief, no matter how sincerely held, was simply insufficient to connect Defendant's cellphone to drug trafficking crime.

In response, the Government tried to distinguish *Laughton*. But the Government's only binding case, *United States v. Coleman*, 923 F.3d 450 (6th Cir. 2019), merely established that probable cause supported a warrant for a vehicle tracking device when the Government satisfied five conditions. First, a confidential informant identified the defendant as a drug supplier to a second drug dealer. *Id.* at 454. Second, authorities had been investigating drug sales at the second drug dealer's

10

home, including one sale where the defendant dropped off drugs. *Id.* Third, a law enforcement officer observed an individual matching the defendant's description drive to the second drug dealer's home in the vehicle in question and leave four minutes later. *Id.* Fourth, the defendant had two prior felony convictions for delivering controlled substances. *Id.* And fifth, a Law Enforcement Information Network search showed the defendant's father owned the vehicle in question. *Id.* Those five facts, if anything, distinguish *Coleman* from the present case. After all, in *Coleman*, a law enforcement officer *observed* the defendant arrive at a drug supplier's home in the vehicle and leave four minutes later. *Id.* Put another way, the affidavit recited a specific, concrete, and demonstrable connection between the vehicle and the crime. Here, the warrant made no such recitation and thus, without question, the authority of *Coleman* cannot save the warrant.

As to the remaining non-binding cases the Government cites, all but one deal with GPS tracking devices—an evidence gathering tactic not at issue here. *See* ECF 32. None of the holdings in those cases change the requirements detailed in *Laughton*. And the only out of circuit case that the Government cites is unpersuasive because it dealt with *past* cell site location data—not *real-time* location tracking. *See United States v. Martinez*, No. 13CR3560, 2014 WL 5480686, at *3 (S.D. Cal. Oct. 28, 2014). To be clear, the warrant here allowed for *prospective* cell site location data—not *historical* cell site location data. ECF 28-1. As the Court made plain in *Powell*, surreptitious Government tracking of an individual is far more intrusive than a

11

subpoena or records request for historical data and requires a much higher legal standard to authorize it. *Martinez* is distinguishable on that point alone.

Most pertinent, though, the Court is bound by *Laughton*. And, like that case, the affidavit here very clearly made no complete connection between the authority of the warrant and the cellphone to be tracked. As a result, the *Leon* good-faith exception does not apply and the Court must grant the motion to suppress the evidence from the phone warrant. ECF 28.

II. <u>Motion to Suppress Evidence from Vehicle Search</u>

Defendant argued that the Court should suppress the evidence recovered from the vehicle search because the officer did not have probable cause and thus the search was an improper inventory search. ECF 29, PgID 223. The Government responded that the search was in fact proper as an inventory search. ECF 33, PgID 262–65. But at the motion hearing, the Government lawyer conceded that if the Court granted the motion to suppress the cellphone search, then the Court should grant the motion to suppress evidence from the vehicle search. Based on the Government's assertion at the suppression hearing and the Court's ruling on the earlier motion to suppress, the Court will consider the inventory search argument withdrawn. For those reasons, the Court will grant the motion to suppress evidence from the vehicle search.

## CONCLUSION

Big government using powerful technology provided by large private companies to surreptitiously track the whereabouts of American citizens spells trouble for the basic constitutional rights of all. Here, the Government tracked a

citizen based on a warrant unsupported by probable cause. The Court will grant Defendant's motion to suppress evidence from the phone warrant and motion to suppress evidence from the vehicle search.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to suppress evidence from phone warrant [28] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion to suppress evidence from vehicle search [29] is **GRANTED**.

**SO ORDERED**.

    s/ Stephen J. Murphy, III
    STEPHEN J. MURPHY, III
    United States District Judge

Dated: July 22, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 22, 2021, by electronic and/or ordinary mail.

    s/ David P. Parker
    Case Manager